NO. 07-00-0556-CR
NO. 07-00-0557-CR
NO. 07-00-0558-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

DECEMBER 22, 2000

_____

VINCENTE DWIGHT MCCRAY, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 64TH DISTRICT COURT OF SWISHER COUNTY;

NOS. B3255-99-07CR, B3256-99-07CR AND B3257-99-07CR;
HONORABLE JACK R. MILLER, JUDGE

_____

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

ON ABATEMENT AND REMAND

Appellant Vincente Dwight McCray, acting pro se, has filed a purported appeal of

his conviction of March 15, 2000, for the offense of delivery of cocaine and the resulting

punishment of three years confinement in the Institutional Division of the Department of Criminal Justice. We have received non-certified copies of appellant's judgment and sentence in the case in which he was convicted and non-certified copies of dismissals in two other cases which may have been the result of a plea bargain agreement.

We have not received a clerk's or reporter's record in these matters, nor has any brief been filed. We note that on the same day and time that appellant filed his notice of appeal, he also filed a letter indicating that he wished to cancel "the request for an appeal." Because we have no record, we are unable to determine the current status of the purported appeal. However, since it appears that a notice of appeal was filed, this state of affairs requires us to abate the appeals to the trial court for a hearing as provided by Texas Rule of Appellate Procedure 38.8 (b). Accordingly, the appeals are abated and the causes remanded to the 64th District Court of Swisher County.

Upon remand, the judge of the trial court shall immediately cause notice to be given of, and conduct, a hearing to determine:

1. Whether appellant has abandoned his appeals.

2. Whether appellant is presently indigent, and if so, whether counsel should be appointed to represent him. If it be determined that an attorney should be appointed, the name, address, and State Bar of Texas identification number of the attorney appointed.

3. If appellant is not indigent, what steps need to be taken to ensure that appellant will promptly obtain the services of an attorney to pursue the appeal.

2

4. Whether appellant has been deprived of diligent appeals by ineffective assistance of counsel or for any other reason.

5. If appellant is indigent, what steps need to be taken to ensure that a reporter's record and clerk's record are available to appellant.

6. If any other orders are necessary to ensure the proper and timely pursuit of appellant's appeals.

In support of its determinations, the trial court will prepare and file written findings of fact and conclusions of law and cause them to be included in a supplemental clerk's record. The hearing proceedings shall be transcribed and included in a supplemental reporter's record. The supplemental clerk's record and reporter's record shall be submitted to the clerk of this court no later than January 25, 2000.

It is so ordered.

Per Curiam

Do not publish.